## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **TRINITY PRITCHARD,** | ) | |
| | ) | Case No. 3:23-cv-1001 |
| Plaintiff, | ) | |
| v. | ) | Judge |
| | ) | |
| **FTM, LLC D/B/A FATHER** | ) | Magistrate Judge |
| **JOHN'S MICROBREWERY** | ) | |
| c/o Statutory Agent | ) | **JURY DEMAND** |
| John Trippy | ) | **ENDORSED HEREON** |
| 301 W. Butler St. | ) | |
| Bryan, Ohio 43506, | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| **JOHN TRIPPY** | ) | |
| 301 Butler St. | ) | |
| Bryan, Ohio 43506, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

Now comes Plaintiff Trinity Pritchard ("Pritchard" or "Plaintiff"), by and through undersigned counsel, for her Complaint against Defendants FTM, LLC d/b/a Father John's Microbrewery ("FTM"[1]) and John Trippy ("Trippy") (collectively hereinafter "Defendants"), for Defendants' willful failure to pay Plaintiff minimum wages and overtime wages as well as failure to comply with all other requirements of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Art. II, Section 34a of the Ohio Constitution ("§ 34a"), the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, and Ohio's Criminal Acts Statute, Ohio Revised Code § 2307.60

---

[1] FTM and Father John's Microbrewery will be used interchangeably herein.

("Ohio's Criminal Acts Statute") (§ 34a, the Ohio Wage Act, the OPPA, and Criminal Acts Statute will be referred to collectively as "the Ohio Acts"), and states and alleges as follows:

1.      As more fully alleged below, Defendants repeatedly and willfully violated the FLSA and the Ohio Acts by (1) failing to pay Plaintiff at least minimum wage for all hours worked; (2) failing to pay Plaintiff all overtime compensation when she worked over forty (40) hours in one or more workweeks; and (3) retaliated against her immediately following her protected activity.

## I.      JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

3.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

4.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in the Northern District of Ohio (Western Division); and Defendants conducted substantial business throughout the State of Ohio, including in this judicial district as Plaintiff worked at Defendants' microbrewery named "Father John's Microbrewery" and/or "Father John's Brewing Company" located at 301 W. Butler St., Bryan, Ohio 43506, which is in this judicial district and division.

## II.      FACTUAL ALLEGATIONS

### A.      Plaintiff Pritchard

5.     Plaintiff Pritchard is an individual, a United States citizen, and a resident of this judicial district.

6.     Plaintiff worked for Defendants as an employee for Defendants from approximately January 2022 until Defendants suspended her as of May 1, 2023 immediately following her protected activity as more fully outlined below.

7.     At all times relevant, Plaintiff primarily performed non-exempt job duties such as serving drinks and foot items to patrons, checking inventory, reporting profits to Defendants, assisting with Defendants' Airbnb associated with "Father John's Microbrewery," including checking guests in and associated cleaning, monitored Defendants' website, and other general job duties related to assisting with serving patrons at a said microbrewery.

8.     For the majority of Plaintiff's employment, she was paid approximately $369.23 twice per month.

9.     For example, during the pay period of February 7, 2022 to February 20, 2022, Plaintiff was paid $369.73 in the form of a "salary." For the following pay period of February 21, 2022 to March 6, 2022, she was paid $369.73 in the form of a "salary."

10.    In 2022, Plaintiff's W-2 issued by Defendant FTM, LLC reflects that Plaintiff was paid a total of $10,673.93 in gross wages despite regularly working in excess of forty (40) hours per week during that year alone.

11.    At all times relevant, Plaintiff was an "employee" of Defendants as defined in the FLSA and the Ohio Acts.

**B.     Defendants**

**(i)     Defendant FTM**

12.     At all times relevant, Defendant FTM is a domestic for-profit limited liability company formed under the laws of the State of Ohio and it regularly conducts business in this judicial district and division.

13.     Defendant FTM's microbrewery is located at 301 W. Butler St., Bryan, Ohio 43506.

14.     Defendant FTM holds itself out to the general public as being a destination brewery, winery, and distillery with a full-service restaurant, and rooms for overnight stays that can be booked using Airbnb.[2]

15.     At all times relevant, Defendant FTM was an "employer" of Plaintiff as that term is defined by the FLSA and the Ohio Acts.

           **(ii)     Defendant Trippy**

16.     At all times relevant, Defendant Trippy is an individual United States citizen residing in this judicial district.

17.     At all times relevant, Defendant Trippy owns and operates Defendant FTM. Defendant Trippy has the ultimate authority for implementing FTM's policies, procedures, practices, and other terms and conditions of employment with respect to Plaintiff.

18.     Defendant Trippy controlled the terms and conditions of Plaintiff's employment, including human resources decision-making and pay policies/practices. For example, Trippy hired Plaintiff, had the ultimate authority to hire, discipline, and fire his employees, including Plaintiff, set Plaintiff's rate of pay, her schedule/hours worked each week, regularly communicated with

---

[2] *See* https://www.airbnb.com/rooms/18914237?adults=2&children=0&enable_m3_private_room=false&infants=0&pets=0&check_in=2023-05-01&check_out=2023-05-06&federated_search_id=2342ed7a-8822-4ea2-b74a-baf7d1b0af3b&source_impression_id=p3_1682372962_EWs1ZC6Grk0hg7yg (last accessed Apr. 24, 2023).

Plaintiff about FTM's daily profits, maintained employee records, and maintained control, oversight, and direction over Plaintiff's work.

19.    At all times relevant, Defendant Trippy was an "employer" of Plaintiff as that term is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and the Ohio Acts as described herein.

     **(iii)    Defendants' Statuses as a "Single Employer," "Single Enterprise," and Joint Employer of Plaintiff**

20.    At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r). That is, Defendants performed related activities through unified operations and common control for a common business purpose, i.e. "Father John's Microbrewery."

21.    At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because Defendants and Defendants' employees were engaged in commerce or in the production of goods for commerce, or have handled, sold, or otherwise worked on goods or materials that have moved in or produced for commerce by any person, such as food, beverages, ingredients, related products, computers, cell phones, online marketing between States, and/or other electronic communication between states.

22.    Defendants were individually and jointly "employers" within the meaning of the FLSA and the Ohio Acts of Plaintiff.

23.    As Defendant Trippy owns and operates FTM, he controlled and continues to control it, including the employment terms and conditions of the employees such as Plaintiff.

24.    Defendants are engaged in related activities, i.e., all activities which are necessary to the operation and maintenance of Defendants' business.

25.     Defendants share operational control over significant aspects of the day-to-day functions of the facility where Plaintiff worked, including supervising and controlling schedules and conditions of employment of Plaintiff and other employees.

26.     At all times relevant, Defendants have had joint direct or indirect control and authority over Plaintiff's working conditions, including matters governing the essential terms and conditions of their employment.

27.     At all times relevant, Defendants jointly exercised authority and control over Plaintiff and similarly situated other workers at the FTM microbrewery.

28.     Defendants share authority to set rates and methods of compensation of employees, including Plaintiff and similarly situated other employees.

29.     Defendants share control and maintenance of employment records.

30.     Defendants have shared and mutually benefited from the work and services performed by Plaintiff during the relevant time period.

31.     Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff.

32.     Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

33.     At all times relevant, Defendants suffered or permitted Plaintiff to perform work, but was not paid for all minimum wages, overtime compensation, and other compensation as more fully outlined below.

34.     At all times relevant, Defendants maintained control, oversight, and direction over Plaintiff, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

35.     At all times relevant, Defendants have benefitted from the work performed by Plaintiff.

36.     During the last three years, Defendants also have had an individual and combined annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

37.     During the entirety of Plaintiffs' employment, Defendants' employment of Plaintiff regularly involved commerce between States, including, but not limited to the production of goods sent out of state, regular telephonic calls and/or other electronic communication and marketing[3] to and from persons located in other States, hosting of visitors who traveled from other States, among other job duties as alleged herein.

38.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio, but nevertheless willfully and knowingly failed to adhere to the requirements of the FLSA and Ohio Acts.

III.   **FACTUAL ALLEGATIONS**

39.     At all times relevant, Plaintiff was a non-exempt employee entitled to be paid at least minimum wage under the FLSA and Ohio Acts as well as overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) each workweek. *See* 29 U.S.C. §§ 206-207; O.R.C. § 4111.03; and Art. II, Section 34a, Ohio Constitution.

---

[3]    *See*    https://www.facebook.com/FatherJohns/    (last    visited    May    17,    2023).    *See    also* https://www.tripadvisor.com/Restaurant_Review-g50139-d6977359-Reviews-Father_John_s_Microbrewery-Bryan_Ohio.html (last visited May 17, 2023) and https://untappd.com/v/father-johns-brewing-company/1736535 (last visited May 17, 2023).

40.     As more fully alleged below, (1) Plaintiff regularly worked without being paid at least the minimum wage, (2) Plaintiff regularly worked overtime without overtime compensation, and (2) Defendants knew that Plaintiff worked without being paid at least minimum wage and worked overtime without proper compensation.

### (Minimum Wage Violations)

41.     While the federal minimum wage has remained at $7.25 per hour during the last three (3) years, the minimum wage in Ohio for non-tipped employees was as follows for the applicable years:  $8.70 (2020), $8.80 (2021), $9.30 (2022), and $10.10 (2023). *See* Art. II, Section 34a, Ohio Constitution.

42.     During Plaintiff's employment, she was paid $369.23 twice per month regardless of the number of hours she worked during the applicable pay period.

43.     Under a regular forty-hour (40) workweek, Plaintiff was paid approximately $184.615 per week.

44.     Using Defendants' compensation scheme to calculate Plaintiff's hourly rate of pay yields a regular rate of pay of $4.615 per hour since she regularly worked at least forty (40) hours per week during each pay period.

45.     Defendants' conduct of paying Plaintiff $4.615 per hour for each regular hour she worked is less than the applicable minimum wage under the FLSA and § 34 a.

46.     As such, Defendants violated the FLSA and Ohio Acts.

### (Unpaid Overtime Due to Working Over 40 Hours Without Overtime Compensation)

47.     Second, as alleged above, Defendants paid Plaintiff $369.23 twice per month regardless of the number of hours she worked during the applicable pay period.

Page **8** of **21**

48.     During one or more workweeks during her employment, Plaintiff worked over forty (40) hours, but was not paid one-and-one-half times her regular rate of pay for all hours worked over 40 because Defendants did not pay her anything beyond the $369.23 "salary."

49.     Defendants had actual or constructive knowledge that Plaintiff worked overtime during one or more workweeks, but failed to pay her for all overtime worked anyways.

50.     As a result, during any workweek when Plaintiff worked over forty (40) hours, Plaintiff is owed unpaid overtime.

51.     Defendants' failure to compensate Plaintiff for hours worked more than forty (40) hours per week at "one and one-half times" the employee's "regular rate[s]" of pay as alleged herein constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio Acts, O.R.C. §§ 4111.03(A), 4113.15.

52.     Defendants knew that Plaintiff was entitled to overtime compensation under federal and Ohio or acted in reckless disregard for whether she was so entitled.

53.     Defendants intentionally, knowingly, and willfully circumvented the requirements of the FLSA and the Ohio Acts.

54.     The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. §§ 4111.03, 4113.15; and resulted in the unlawful deprivation of wages of Defendants to the detriment of Plaintiff.

**(Retaliation for Engaging in Protected Activity)**

55.     Third, Plaintiff verbally raised the issue of being compensated at least minimum wage for all regular hours worked and overtime for every hour worked over forty (40) directly to Mr. Trippy.

56. For example, Plaintiff raised the issue to Defendants at a minimum in January 2023, in February, 2023, and again in March, 2023.

57. Defendants were aware that Plaintiff raised the issues of not being paid at least minimum wage for all regular hours worked and not being paid overtime for every hour worked over forty (40) given Plaintiff complained to Mr. Trippy directly.

58. At some point in March, 2023, Defendants responded to her complaints by informing her Plaintiff that she would receive a "raise."

59. Instead, immediately after her protected activity, Defendants hired at least one or more employees to replace Plaintiff.

60. Upon information and belief, Defendants hired a chef and two (2) house managers to replace Plaintiff.

61. Defendants instructed Plaintiff to train the house managers, including one believed to be named "Nikki Cochran" ("Ms. Cochran"), over the course of the month of April, 2023.

62. On or about May 1, 2023, Defendants took an adverse employment action against Plaintiff. In particular, Defendants suspended Plaintiff from her position and would not allow her to return to her position until further notice.

63. To underscore Defendants' retaliatory conduct, Defendants, by and through Defendant Trippy, served Plaintiff with an eviction notice on May 16, 2023 effectively evicting her from her place of dwelling due to her protected activity.

64. By suspending and/or replacing Plaintiff in retaliation for her protected activity as alleged herein, Defendants retaliated against Plaintiff. Further, by essentially evicting Plaintiff immediately following her protected activity, Defendants retaliated against her.

**IV.**    <u>**CAUSES OF ACTION**</u>

<u>**COUNT I**</u>
**(29 U.S.C. § 206 – FLSA FAILURE TO PAY MINIMUM WAGE)**

65.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

66.    The FLSA requires that every employer shall pay to each employee who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages of not less than $7.25 per hour. *See* 29 U.S.C. § 206(a)(1).

67.    Since January 1, 2020, in order for an employer to meet the salary level test and pay an employee a "salary," any employee covered by the FLSA must be paid at least a salary of not less than $684 per week.

68.    Plaintiff was not exempt from the FLSA as she was not paid on a salary basis of at least $684 per week.

69.    Plaintiff was not exempt from the FLSA as her primary job duties did not meet any exemption, including, but not limited to, the "executive," "administrative," "professional," "Computer," or "outside sales" exemptions.

70.    Rather, as alleged above, Plaintiff was paid $369.23 twice per month even though she regularly worked at least forty (40) or more hours in one or more workweeks.

71.    By paying Plaintiff $369.23 twice per month instead of at least minimum wage, Defendants violated the FLSA.

72.    By failing to compensate Plaintiff at least minimum wage at the federal minimum wage rate, Defendants violated the FLSA resulting in unpaid minimum wages and other compensation to which Defendants are liable.

73.     The exact total amount of compensation that Defendants have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendants and/or were not kept by Defendants.

74.     As a result of Defendants' violations of the FLSA, Plaintiff was injured in that she did not receive wages due to her pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff to an award of "unpaid minimum wages" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT II
### (29 U.S.C. § 207 – FLSA UNPAID OVERTIME COMPENSATION)

75.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

76.     The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

77.     Plaintiff should have been paid overtime wages in the amount of 150% of her "regular rate" for all hours worked in excess of forty (40) hours per workweek.

78.     Defendants did not pay overtime compensation to Plaintiff at overtime wages for all of her overtime hours worked due to Defendants' policy/practice of only compensating her in the amount of $369.23 twice per month no matter how many hours Plaintiff worked over forty (40) in one or more workweeks.

79.     As a result of Defendants' practices and/or policies, Plaintiff has not received overtime wages due to her pursuant to the FLSA.

80.     Defendants knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff overtime compensation. Defendants' deliberate failure to pay overtime compensation to Plaintiff was neither reasonable, nor was the decision not to pay overtime compensation made in good faith. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

81.     The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendants and/or were not kept by Defendants.

82.     As a result of Defendants' violations of the FLSA, Plaintiff was injured in that she did not receive wages due to her pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## **COUNT III**
### **(29 U.S.C. § 215 – FLSA RETALIATION FOR PROTECTED ACTIVITY)**

83.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

84.     The FLSA's broad anti-retaliation provision makes it unlawful to discharge or in any other manner discriminate against any employee because such employee has filed a complaint or instituted any proceeding under the FLSA. *See* 29 U.S.C. § 215(a)(3).

85.     As alleged above, Plaintiff (1) engaged in protected activity under the FLSA; (2) her exercise of her right was known by Defendants; (3) Defendants took an adverse employment

action against her; and (4) Defendants took one or more adverse employment actions against her because of her protected activity.

86.     As such, Defendants violated 29 U.S.C. § 215(a)(3).

87.     As a result of Defendants' conduct, any employer who violates § 215(a)(3) shall be liable for such legal or equitable relief as may be appropriate, including without limitation employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and attorneys' fees and costs associated with the action for which Defendants are liable. *See* 29 U.S.C. § 216(b).

## COUNT IV
## (FLSA – FAILURE TO MAINTAIN ACCURATE RECORDS)

88.     All of the preceding paragraphs are realleged as if fully rewritten herein.

89.     The FLSA and attendant regulations require that every employer shall maintain and preserve payroll or other records containing information and data with respect to each employee, including (1) full name; (2) home address, including zip code, (3) date of birth, if under 19 years of age, (4) sex and occupation in which employed), (5) time of day and day of week on which the employee's workweek begins, (6) regular hourly rate of pay for any workweek in which overtime compensation is due and explanation of such pay, including monetary amount on a per hour, per day, per week, or other basis, (7) hours worked each workday and total hours worked each workweek, and (8) total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, among other information. *See* 29 C.F.R. § 516.2(a).

90.     During all times relevant, Defendants did not maintain and preserve records in compliance with the FLSA.

91.     Defendants' failure to properly maintain accurate records of all of the hours Plaintiff worked each workday and within each workweek violates the FLSA. *See* 29 C.F.R § 516.2(a)(7).

## COUNT V
### (OHIO CONST., ART. II, § 34A – FAILURE TO PAY MINIMUM WAGE)

92.     All of the preceding paragraphs are realleged as if fully rewritten herein.

93.     This claim is brought under the Ohio Constitution.

94.     Plaintiff was employed by Defendants and Defendants are employers covered by the minimum wage requirements in the Ohio Constitution.

95.     As alleged above, Defendants paid Plaintiff below Ohio's minimum wage for each applicable year for hours worked because they only compensated Plaintiff $369.23 twice per month, which is equivalent to $738.46 per month.

96.     After dividing $369.23 by eighty (80) hours, it yields an hourly rate of $4.615 per hour, which is less than Ohio's minimum wage for each year during her employment.

97.     By not paying Plaintiff at least the applicable minimum wage for each hour worked, Defendants have violated the Ohio Constitution, Art. II, § 34a.

98.     As a result of Defendants' violations, Plaintiff is entitled to damages, including, but not limited to her unpaid wages, an addition two times the unpaid wages (i.e. treble damages), attorneys' fees, and costs for which Defendants are liable.

## COUNT VI
### (OHIO CONST., ART. II, § 34A – RETALIATION)

99.     All of the preceding paragraphs are realleged as if fully rewritten herein.

100.    This claim is brought under the Ohio Constitution.

101.    § 34a mandates that "no employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising any right under this section or any law or regulation implementing its provisions or against any person for providing assistances to an employee or information regarding the same." Ohio Const., Art. II, § 34a.

102.    As alleged above, Plaintiff (1) engaged in protected activity under § 34a; (2) her exercise of her right was known by Defendants; (3) Defendants took an adverse employment action against her; and (4) Defendants took one or more adverse employment actions against her because of her protected activity.

103.    As such, Defendants violated Art. II, § 34a.

104.    As a result of Defendants' conduct as alleged herein, Plaintiff is entitled to damages, including, but not limited to her unpaid wages, an addition two times the unpaid wages (i.e. treble damages), attorneys' fees, and costs for which Defendants are liable.

## COUNT VII
### (O.R.C. § 4111.03 – UNPAID OVERTIME COMPENSATION)

105.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

106.    This claim is brought under the Ohio Wage Act, which incorporates the FLSA without limitation.

107.    Plaintiff has been employed by Defendants, and Defendants are each an employer covered by the overtime requirements under the Ohio Acts.

108.    The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the

exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

109.   While employed by Defendants, Plaintiff worked in excess of the maximum weekly hours permitted under Section 4111.03, but was not fully paid overtime wages as outlined above.

110.   As a result of Defendants' company-wide corporate policies and/or practices as described herein, Defendants failed to pay Plaintiff all overtime wages earned.

111.   Plaintiff was not exempt from the wage protections of the Ohio Wage Act.

112.   Defendants' repeated, knowing failure to pay overtime wages to Plaintiff were violations of the Ohio Wage Act, and, as such, Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiff is entitled.

113.   For Defendants' violations of the Ohio Wage Act, Plaintiff suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, interest, attorneys' fees, and all other remedies available.

## COUNT VIII
## (O.R.C. § 4113.15 – OPPA VIOLATION)

114.   Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

115.   The OPPA encompasses two claims. First, a violation of any other wage statute (including the FLSA or the Ohio Wage Act) triggers a failure to timely pay wages under the OPPA.

116.   Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

117.   Plaintiff has been employed by Defendants.

118.    At all times relevant, Defendants were each an entity or individual covered by the OPPA, and Plaintiff has been employed by Defendants within the meaning of the OPPA.[4]

119.    The OPPA requires Defendants to pay Plaintiff all wages, including unpaid overtime compensation, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

120.    At all times relevant, Plaintiff was not paid all wages, including minimum wages and overtime wages at one-and-one-half times her regular rates of pay within thirty (30) days of performing the work as outlined above. *See* O.R.C. § 4113.15(B).

121.    As a result, Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

122.    Defendants' violations of the OPPA, O.R.C. § 4113.15, injured Plaintiff in that she did not receive wages due to her in a timely fashion as required by Ohio Law.

123.    In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

124.    As a result of Defendants' violation of the OPPA, Plaintiff is entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

**COUNT IX**
**(R.C. § 4111.08 – RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT)**

125.    All of the preceding paragraphs are realleged as if fully rewritten herein.

---

[4] "Employer" means an individual, firm, partnership, association, or corporation …" *See* Ohio Rev. Code § 4113.15(D)(4).

126.    The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

127.    During times material to this complaint, Defendants were each a covered employer, and required to comply with the Ohio Wage Act's mandates.

128.    Plaintiff was a covered employee entitled to the protection of the Ohio Wage Act.

129.    During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Plaintiff by failing to properly maintain accurate records of all hours Plaintiff worked each workday and within each workweek.

130.    In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## COUNT X
### (R.C. § 2307.60 – INDIVIDUAL DAMAGES AND RETALIATION)

131.    All of the preceding paragraphs are realleged as if fully rewritten herein.

132.    The FLSA imposes criminal penalties for willful violations of the FLSA. *See* 29 U.S.C. § 216(a).

133.    In addition, Ohio Revised Code § 4111.99(A)-(B) imposes criminal penalties in the form of a misdemeanor in the third or fourth degrees for anyone who violates section 4111.13 of the Ohio Revised Code.

134.    For example, O.R.C. § 4111.13(C) states that, "[n]o employer shall pay or agree to pay wages at a rate less than the rate applicable under sections 4111.01 to 4111.17 of the Revised Code." O.R.C. § 4111.14 is the implementation of Art. II, Section 34a of the Ohio Constitution. O.R.C. § 4111.14(A)-(B).

135.    Ohio Revised Code § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

136.    Under O.R.C. § 2307.60 and *Buddenberg v. Weisdack*, 2020-Ohio-3832 (Ohio 2020), anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees.

137.    By Defendants acts and/or omissions described herein, Defendants have willfully violated the FLSA and violated Ohio Revised Code § 4111.13(C).

138.    As a result of Defendants' conduct as described herein, Plaintiff is entitled to compensatory and punitive damages, her costs, and attorneys' fees for which Defendants are liable.

## V.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendants and for an Order:

A.    Finding that Defendants have failed to keep accurate records and that Plaintiff is entitled to prove her hours worked with reasonable estimates;

B.    Finding that Defendants' wage and hour policies and/or practices as alleged herein violate the FLSA;

C.    Entering judgment against Defendants for damages for all unpaid minimum wages and overtime compensation owed to Plaintiff during the applicable statutory period under the FLSA and Ohio Acts and continuing through trial;

D.    Entering judgment against Defendants for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period under the FLSA and continuing through trial;

E.    Awarding to Plaintiff unpaid compensation, including unpaid minimum wages and overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts, including but not limited to treble damages under Art. II, § 34a and in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars under the OPPA, whichever is greater;

F.     Awarding Plaintiff prejudgment interest, post-judgment interest, and an award of damages representing Defendants' employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

G.     Awarding to Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts and reimbursement of expenses;

H.     Directing Defendants to pay reasonable attorneys' fees and all costs connected with this action;

I.     Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

J.     Declaring judgment for all civil penalties to which Plaintiff may be entitled; and

K.     Awarding such other and further relief as to this Court may deem necessary, just, or proper.

Respectfully submitted,

/s/ Daniel I. Bryant
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

/s/ Matthew B. Bryant
Matthew B. Bryant (0085991)
Esther E. Bryant (0096629)
**BRYANT LEGAL, LLC**
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Mbryant@bryantlegalllc.com
           Ebryant@bryantlegalllc.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Daniel I. Bryant
Daniel I. Bryant